UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA f/u/o<br>KERRI ENTERPRISES, the ALLSTATE<br>COMPANY, INC.<br>    Plaintiff,<br><br>v.<br><br>UNITED STATES FIDELITY &<br>GUARANTY COMPANY<br>    Defendant | CIVIL ACTION NO. 05-CV-11339-NMG |

## ANSWER FOR UNITED STATES FIDELITY AND GUARANTY COMPANY

1. United States Fidelity & Guaranty Company admits the allegations contained in paragraph numbered one of the Complaint.

2. United States Fidelity & Guaranty Company admits the allegations contained in paragraph numbered two of the Complaint.

3. United States Fidelity & Guaranty Company does not have sufficient knowledge to admit or deny the averments as recited in paragraph numbered three of the Complaint and hereby calls upon the Plaintiff to establish the bona fides of same to the extent deemed relevant to these proceedings.

4. United States Fidelity & Guaranty Company admits the allegations contained in paragraph numbered four of the Complaint.

5. United States Fidelity & Guaranty Company admits the allegations contained in paragraph numbered five of the Complaint.

6. United States Fidelity & Guaranty Company admits the allegations contained in paragraph numbered six of the Complaint.

7. United States Fidelity & Guaranty Company admits the allegations contained in paragraph numbered seven of the Complaint.

8. United States Fidelity & Guaranty Company admits the allegations contained in paragraph numbered eight of the Complaint.

9. United States Fidelity & Guaranty Company admits the allegations contained in paragraph numbered nine of the Complaint.

10. United States Fidelity & Guaranty Company admits the allegations contained in paragraph numbered ten of the Complaint.

11. United States Fidelity & Guaranty Company admits the allegations contained in paragraph numbered eleven of the Complaint.

12. United States Fidelity & Guaranty Company admits the allegations contained in paragraph numbered twelve of the Complaint.

13. United States Fidelity & Guaranty Company admits the allegations contained in paragraph numbered thirteen of the Complaint. In further answering, the exact figure paid is $276,030.60.

14. United States Fidelity & Guaranty Company admits the balance of the subcontract is $38,706.56, but denies that said sum is due under the provisions of the contract.

15. United States Fidelity & Guaranty Company admits Roads' receipt of notices, but otherwise denies the allegations of paragraph numbered fifteen.

16. United States Fidelity & Guaranty Company does not have sufficient knowledge to admit or deny the averments as recited in paragraph numbered sixteen of the Complaint and hereby calls upon the Plaintiff to establish the bona fides of same to the extent deemed relevant to these proceedings.

## COUNT I

17. United States Fidelity & Guaranty Company hereby incorporates its responses to paragraphs numbered 1 - 16 above, herein.

18. United States Fidelity & Guaranty Company admits execution of a bond with Roads for said project, pursuant to 40 U.S.C. 3131 et. sequa, but otherwise answers that Plaintiff's allegations present a conclusion of law and does not accurately reflect the governing code.

19. United States Fidelity & Guaranty Company denies the allegations contained in paragraph numbered nineteen of the Complaint.

20. United States Fidelity & Guaranty Company denies the allegations contained in paragraph numbered twenty of the Complaint.

21. ¶21 of the Complaint is not a factual allegation and is not responded to as such.

### Affirmative Defenses

1. The Plaintiff's claim is barred by failure to state a cause of action upon which relief may be granted.

2. The Plaintiff's claim is barred by lack of notice.

3. The Plaintiff's claim is barred by the applicable statute of limitations.

4. The Plaintiff's claim is barred by failure to meet conditions of 40 U.S.C. 3131 et. sequa.

5. The Plaintiff's claim is barred in whole or in part by the "pay when paid" provisions of the subcontract (Exhibit B to the Complaint), ¶11.3 and ¶12.1.

7. The Plaintiff's claim is barred by the failure to adhere to requirements of conditions precedent to payment.

3

8. The Plaintiff's claim is barred by the failure to adhere to requirements of conditions precedent to suit.

9. The Plaintiff's claim is barred by the dispute resolution provisions of the subcontract.

10. The Plaintiff's claim is barred in whole or in part by the subcontract provisions for "retainage".

11. The Plaintiff's claim is barred by provisions of the subcontract and the fact that Roads has not yet been paid the monies Plaintiff is seeking, a condition precedent to payment to the Plaintiff according to said subcontract.

12. The Plaintiff's claim is barred because it is the wrong Plaintiff.

WHEREFORE, the Defendant, United States Fidelity & Guaranty Company hereby demands judgment against the United States of America for the use and benefit of Kerri Enterprises, the Allstate Company, Inc. plus costs, attorney's fees and such other relief as this court may determine.

### COUNT II

22. United States Fidelity & Guaranty Company hereby incorporates its responses to paragraphs numbered 1 - 21 above, herein.

23. United States Fidelity & Guaranty Company admits the allegations contained in paragraph numbered twenty-three of the Complaint.

24. United States Fidelity & Guaranty Company admits the allegations contained in paragraph numbered twenty-four of the Complaint.

25. United States Fidelity & Guaranty Company denies the allegations contained in paragraph numbered twenty-five of the Complaint.

26.  The ¶ labeled #26 does not present factual allegations wherefore it is not responded to as such.

### Affirmative Defenses

1.  The Defendant, United States Fidelity & Guaranty Company hereby incorporates its Affirmative Defenses plead to Count I above, herein.

2.  The Plaintiff's claim is barred by lack of substantial completion.

3.  The Plaintiff's claim is barred by failure to attempt to complete in good faith.

Date: 8/11/05

UNITED STATES FIDELITY &
GUARANTY COMPANY
By its Attorney,

Harvey B. Heafitz, Esq., BBO# 227400
HEAFITZ & SULLIVAN
56 Chestnut Hill Avenue
Boston, MA 02135
(617) 562-1000

## CERTIFICATE OF SERVICE

I, Harvey B. Heafitz, hereby certify that on this 11th day of August, 2005, I served a copy of **Answer for United States Fidelity & Guaranty Company,** via first class mail, postage prepaid, upon:

> Robert Philip Hilson, Esq.
> Law Offices of Robert Philip Hilson
> 175 Derby Street, Suite 12
> Hingham, MA 02043

_____
Harvey B. Heafitz, Esq.