```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS
```

```
_____
                                     )
UNITED STATES OF AMERICA             )
f/u/o KERRI ENTERPRISES,             )
the ALLSTATE COMPANY, INC.,          )
a Massachusetts corporation          )
with a principal place of            )
business in Norwood, Norfolk         )
County,                              )
                                     )
                  Plaintiff,         )   C. A. NO: 05-11339 NMG
                                     )
v.                                   )
                                     )
UNITED STATES FIDELITY &             )
GUARANTY COMPANY, a Maryland         )
surety company registered to         )
do business in Massachusetts,        )
                                     )
                  Defendant.         )
_____)
```

**PLAINTIFF'S INITIAL DISCLOSURE STATEMENT**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)**

The Plaintiff, United States of America f/u/o Kerri Enterprises, The Allstate Company, Inc. (hereinafter "Plaintiff"), by its counsel, hereby provides the following initial disclosure statement pursuant to Fed.R.Civ.P. 26(a)(1) and Local Rule 26.2(A).

Plaintiff expressly reserves all objections, including but not limited to objections based on the: (a) attorney-client privilege; (b) work-product doctrine; or, (c) any other applicable privilege or protection under federal or state law. Plaintiff has not completed its investigation of this case and each of the following responses is made subject to and without waiver of the foregoing objections and Plaintiff expressly

reserves the right to change, modify, supplement or clarify the responses herein at any time before trial.

**I.  INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION (Fed.R.Civ.P. 26(a)(1)(A)**

Subject to the above reservations and Plaintiff's right to change, modify, supplement or clarify the response, Plaintiff believes that the following individuals are likely to be in possession of discoverable information that Plaintiff may use to support its claims:

**A.  Plaintiff**

Plaintiff is in possession of information regarding the nature and contents of the Complaint, including but not limited to (1) the terms of the contract and the breach thereof by the principal, (2) the services and materials the Plaintiff provided on the project, (3) amounts Plaintiff has been paid and is still due under the contract, and (4) the amount(s) due Plaintiff for extra work covered by change orders.

**B.  United States Fidelity and Guaranty Company Officers, Directors and Employees**

Plaintiff believes that United States Fidelity and Guaranty Company officers, directors and employees are likely to be in possession of discoverable information that may be used to support the allegations set forth in the Complaint.

**C.  Third Parties**

Plaintiff believes that the following third persons are likely to be in possession of discoverable information relevant to the allegations set forth in the Complaint:

      1.    Roads Corporation, 241 Treble Cove Road, North Billerica, MA 01862 (officers, directors and employees).

**II. DESCRIPTION BY CATEGORY OF DOCUMENTS, DATA COMPILATIONS, AND TANGIBLE THINGS THAT ARE IN POSSESSION, CUSTODY OR CONTROL OF THE PARTY (FED.R.CIV.P. 26(a)(1)(B)**

Subject to the attorney-client privilege and the work product doctrine, Plaintiff states as follows: Payment Bond - Principal: Roads Corporation, Surety: United States Fidelity and Guaranty Company; Power of Attorney appointing Kathleen M. Flanagan et al as Attorney(s)-in-Fact for Defendant et al; Subcontract between Plaintiff and Roads Corporation; Change Orders #s 1, 2, 2A (Revised), 3 and 4.

**III. COMPUTATION OF DAMAGES (FED.R.CIV.P. 26(a)(1)(C))**

The Plaintiff has computed its damages as $38,707.00 which represents the balance owed on extra work approved and completed pursuant to the change orders on the project. Plaintiff additionally seeks interest, attorney's fees and costs. As the Complaint has only recently been filed and discovery has not yet commenced, Plaintiff is unable to determine any additional components of its damage total.

**IV. ANY INSURANCE AGREEMENT WHICH MAY BE LIABLE TO SATISFY ALL OR PART OF THE JUDGMENT (FED.R.CIV.P. 26(a)(1)(D))**

Notwithstanding the underlying bond claims(s), the Plaintiff is unaware of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment.

DATED: November 30, 2005          Respectfully submitted,

                                            **BLAKE J. GODBOUT & ASSOCIATES**

                                            By:  /s/ Blake J. Godbout
                                            Blake J. Godbout, BBO# 196380
                                            James L. Kimball, BBO# 638709
                                            33 Broad Street, 11th Floor
                                            Boston, MA 02109
                                            (617) 523-6677

## CERTIFICATE OF SERVICE

    I, James L. Kimball, hereby certify that a true copy of the above document was served upon the attorney of record for each party.

                                            /s/ James L. Kimball
                                            James L. Kimball